## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| WENDY M. CRESSWELL, 1651 Fuller St. NW #2, Washington, 20009 | ) ) ) |
| | ) **Case No.** |
| Plaintiff, | ) |
| v. | ) |
| | ) **NOTICE OF REMOVAL** |
| THE HERSHEY COMPANY, 100 Crystal A. Dr., Hershey, PA 17033; MARS, INCORPORATED, 6885 Elm St., McLean VA 22101; MARS NORTH AMERICA, 800 High Street, Hackettstown, New Jersey; MARS SNACKFOODS U.S. LLC, 800 High Street, Hackettstown, New Jersey 07840; NESTLÉ USA, INC., 800 North Brand Boulevard, Glendale, California 91203; CADBURY ADAMS USA LLC, 389 Interpace Parkway, Suite 1, Parsippany, New Jersey, 07054 | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Pursuant to 28 U.S.C. §§ 1441, 1446, 1453, and the Class Action Fairness Act of 2005, P.L. 109-2, § 3, 118 Stat. 5 (Feb. 18, 2005) ("CAFA"), The Hershey Company ("Hershey"), Mars, Inc. ("Mars"), Mars North America, Mars Snackfoods U.S. LLC, and Cadbury Adams USA LLC ("Cadbury"), (collectively, "Defendants"), by and through their respective attorneys, hereby give notice of the removal of this action from the District of Columbia Superior Court, as Case No. 2008-ca-003939, to the United States District Court for the District of Columbia. Removal to this Court is proper because (1) this Court has original jurisdiction over this case, and (2) the United States District Court for the District of Columbia is the district and division embracing the place where the state court litigation is pending. As grounds for removal to this Court, Defendants state as follows:

## I.    Background Of The Pending Litigation.

1.    The plaintiff, Wendy M. Cresswell, individually and on behalf of all other similarly situated persons, filed an action in District of Columbia Superior Court, Civil Division, Civil Action No. 2008-ca-003939, under the caption *Wendy M. Cresswell, v. The Hershey Company; Mars, Incorporated; Mars North America; Mars Snackfoods U.S., LLC; Nestlé, USA, Inc.; Cadbury Adams USA LLC*, (the "Removed Action").

2.    The Removed Action alleges that Defendants and "[v]arious other persons, firms and corporations, not named as Defendants" violated District of Columbia Law, D.C. Code § 28-4508, by engaging in a "contract, combination or conspiracy in restraint of trade." Compl. at ¶¶ 13, 72. The alleged conspiracy "fixed, maintained and stabilized prices for chocolate confectionary productions [sic]."[1] Compl. at ¶ 72. The Removed Action alleges that the conspiracy began "in 2002 and continu[ed] until at least approximately 2008." Compl. at ¶ 1. The putative class is defined as "[a]ll persons who purchased Defendants' chocolate confectionary [sic] products in the District of Columbia from 2002 to the present, excluding persons purchasing directly from the Defendants." Compl. at ¶ 14. Plaintiff therefore purports to represent a class of individuals who purchased chocolate confectionery products from January 1, 2002 through May 23, 2008. Defendants emphatically deny the allegations set forth in the complaint, and expressly reserve all rights to answer or otherwise respond to the complaint.

## II.    This Court Has Original Jurisdiction Over The Removed Action Under CAFA.

3.    The Removed Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 because it is a purported class action in which

plaintiffs are citizens of a State different from one or more Defendants, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the putative class exceeds 100 individuals.

4.    Under 28 U.S.C. § 1332(d), federal courts have original jurisdiction over any (i) purported class action in which (ii) any member of a class of plaintiffs is a citizen of a State different from any defendant (iii) the proposed class contains at least 100 members, and (iv) the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(2), (d)(5). This case meets each of these requirements under CAFA for conferring original federal jurisdiction for the following reasons:

(a)  This case is a purported class action on behalf of "All persons who purchased Defendants' chocolate confectionary [sic] products in the District of Columbia from 2002 to the present . . . ." Compl. at ¶ 14. Thus, the first requirement of § 1332(d) is satisfied.

(b)  According to the complaint, the named plaintiff is a resident of the District of Columbia and the putative class includes "persons . . . in the District of Columbia." Compl. ¶¶ 5, 14. In contrast, Mars is a Delaware corporation with its principal place of business in Virginia. Compl. at ¶ 7. Hershey is a Delaware corporation with its principal place of business in Pennsylvania. Compl. at ¶ 6. Cadbury's principal place of business is New Jersey. Compl. at ¶ 12. Therefore, because certain plaintiffs are alleged to be citizens of the District of Columbia and Defendants are citizens of Delaware, New Jersey, Pennsylvania, and Virginia, this action satisfies CAFA's requirement that any member of the plaintiff's class be a citizen of a State "different from any defendant." CAFA §

---

[1] "Chocolate confectionary [sic] products" are defined in the Removed Action as "chocolate bars, boxed chocolates, and seasonal novelty chocolates." Compl. at ¶ 21.

4(a)(2)(A), 28 U.S.C. § 1332(d)(2)(A).  Thus, the second requirement of § 1332(d) is satisfied.

      (c)  Plaintiff alleges that "the number of class members…is believed to easily exceed 10,000." Compl. at ¶ 15.  Thus, the third requirement of § 1332(d) is satisfied.

      (d)  Upon information and belief, the amount in controversy exceeds CAFA's $5,000,000 threshold for original federal jurisdiction.

      (i)     Plaintiff's complaint is silent on the amount of damages sought by the putative class.

      (ii)     Nevertheless, the jurisdictional amount in this case is met based on a clear reading of plaintiff's claims.  Here, plaintiff alleges that "retail sales [of chocolate candy in the United States] totaled $15.6 billion."  Compl. at ¶ 25.  Plaintiff also alleges that "the number of class members . . . is believed to easily exceed 10,000" and seeks damages for at least a 6-year period, from "2002 through 2008."  Compl. at ¶¶ 15, 1.[2] Further, plaintiff seeks putative damages, treble damages, and attorneys fees in their prayer for relief.

      (iii)     The population of the District of Columbia in 2006 was estimated to be 581,530 and the population of the United States in 2006 was estimated to be 299,398,484.  *See* U.S. Census Bureau Quick Facts, *available at* http://quickfacts.census.gov/qfd/states/11000.html.  Thus, the population of the District of Columbia comprises approximately .19% of the United States population.  Assuming that $15 billion of chocolate candy per year was sold over a 6-year period, as alleged in the complaint, and *not* taking into account 2008 to date, at least $90 billion of chocolate was

---

[2] Plaintiff also asserts damages "to the present" elsewhere in its complaint, thus seeking damages for January 1, 2008 through May 23, 2008, as well.

sold during plaintiff's alleged class period. Using the District of Columbia's .19% share of the United States population, chocolate sales in the District of Columbia from 2002 to 2008 would be $171 million (.19% times $90 billion). Accordingly, based on plaintiff's allegations, a hypothetical 1% overcharge would exceed CAFA's $5 million threshold for original federal jurisdiction when aggregated to include trebled damages, which plaintiff seeks in its prayer for relief. *See Bell v. Preferred Life Assurance Society et al.*, 320 U.S. 238, 240 (1943) (stating that "[where] both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount.").

**III.    The United States District Court For The District Of Columbia Is The District And Division Embracing The Place Where The Removed Action Is Pending.**

5.    The Removed Action is pending in District of Columbia Superior Court. The United States District Court for the District of Columbia is the proper Court to which the Removed Action should be removed.

**IV.    This Notice Of Removal Is Timely.**

6.    28 U.S.C. § 1446(b) requires that any notice of removal shall be filed within thirty days after the receipt by Defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the Removed Action is based, or within thirty days after the service of a summons upon Defendants if that initial pleading has then been filed in court and is not required to be served on Defendants, whichever period is shorter.

7.    Plaintiff filed her complaint in District of Columbia Superior Court on May 23, 2008. No Defendant has been served with the complaint. Accordingly, this Notice of Removal to Federal Court is filed within the time frame provided by 28 U.S.C. § 1446(b).

*See, e.g., Hinnant v. Merritt*, 2005 U.S. App. LEXIS 23899, *2 (D.C. Cir. Nov. 5, 2005) (unpublished and attached as Ex. A) (holding that it was permissible for defendants to remove the case from D.C. Superior Court before being served with process); *Delgado v. Shell Oil, Inc.*, 231 F. 3d 165, 177 (5th Cir. 2000) (holding that "service of process is not an absolute prerequisite for removal"); *Massey v. Cassens & Sons, Inc.*, 2006 U.S. Dist. LEXIS 9675, *5-6 (S.D. Ill. Feb. 16, 2006) (stating that no statute "requires defendants to have been served themselves prior to removing a case to federal court"); *Bell v. American General Finance, Inc.*, 267 F. Supp. 2d 582, 584 (S.D. Miss. 2003) (holding that the Notice of Removal, which was filed after the filing of the complaint but before defendants were served process, was timely filed).

## V.    Defendants' Compliance With All Further Requirements To Remove This Action.

8.    The CAFA removal statute states that class actions may be removed to federal court "in accordance with section 1446." 28 U.S.C. § 1453(b).

9.    Consistent with 28 U.S.C. § 1446(d), Defendants will promptly notify plaintiffs, in writing, that this case has been removed to this Court pursuant to this Notice of Removal to Federal Court. Moreover, Defendants have, concurrently with the filing of this Notice of Removal to Federal Court with this Court, filed a copy of the same with the Clerk of the District of Columbia Superior Court.

10.    Defendants have not been served with any process, pleadings, or orders in the Removed Action. However, Defendants submit a copy of the complaint that was filed in the Removed Action. *See* Exhibit B. Also, attached as Exhibit C, for the Court's convenience, is the docket sheet in the state action.

11.    Defendants do not bear the burden of demonstrating in this Notice the

inapplicability of any potential basis upon which the Court might decline to exercise

jurisdiction granted in § 1332(d)(2).

**VI.    Conclusion.**

Defendants respectfully request that this Court assume jurisdiction over this case,

and afford such other and further relief as may be just and proper.

Dated: June 23, 2008                    By:    _____

Stefan M. Meisner (DC 467886)
Nicole L. Castle (DC 978707)
McDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, DC 20005
Tel: (202) 756-8000
Fax: (202) 756-8087
Email: smeisner@mwe.com
ncastle@mwe.com

David Marx, Jr. (IL 6194003)
McDERMOTT WILL & EMERY LLP
227 W. Monroe Street, Suite 440
Chicago, IL 60606
Tel: (312) 984-7668
Fax: (312) 984-7700
Email: dmarx@mwe.com

*Counsel for Mars, Incorporated, Mars North America,*
*and Mars Snackfoods US LLC*

By: _____

Thomas D. Yannucci, P.C. (DC 358989)
Craig S. Primis, P.C. (DC 454796)
Jonathan D. Brightbill (DC 483956)
Jennifer W. Cowen (DC 974412)
KIRKLAND & ELLIS LLP
655 15th Street N.W.
Washington, DC 20005
Tel: (202) 879-5000
Fax: (202) 879-5200
Email: tyannucci@kirkland.com
jbrightbill@kirkland.com
cprimis@kirkland.com
jcowen@kirkland.com

*Counsel for The Hershey Company*

By: _____

Dennis P. Orr (DC 449305)
Thomas M. Mueller (DC 434459)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 468-8161
Fax: (212) 468-7900
Email: dorr@mofo.com
tmueller@mofo.com

*Counsel for Cadbury Adams USA LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WENDY M. CRESSWELL, 1651 Fuller St. NW #2, Washington, 20009 | ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| v. | ) ) | |
| THE HERSHEY COMPANY, 100 Crystal A. Dr., Hershey, PA 17033; MARS, INCORPORATED, 6885 Elm St., McLean VA 22101; MARS NORTH AMERICA, 800 High Street, Hackettstown, New Jersey; MARS SNACKFOODS U.S. LLC, 800 High Street, Hackettstown, New Jersey 07840; NESTLÉ USA, INC., 800 North Brand Boulevard, Glendale, California 91203; CADBURY ADAMS USA LLC, 389 Interpace Parkway, Suite 1, Parsippany, New Jersey, 07054 | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE TO PARTIES OF REMOVAL TO FEDERAL COURT

To:

| Stuart M. Paynter | Michael Weitzner | Nestlé USA, Inc. |
|---|---|---|
| The Paynter Law Firm | Law Office of Michael | 800 North Brand Boulevard |
| 1200 G Street, N.W. | Weitzner | Glendale, CA 91203 |
| Suite 800 | 1523 New Hampshire, Ave., | |
| Washington, DC 20005 | NW | |
| | Washington, DC 20036 | |
| *Attorney for Plaintiff* | | |
| | *Attorney for Plaintiff* | |

NOTICE IS HEREBY GIVEN that a notice of removal of the above-captioned

action from the District of Columbia Superior Court to the United States District Court for

the District of Columbia, was duly filed this day in the United States District Court for the

District of Columbia.

I hereby certify that I caused a copy of the foregoing notice to be sent via First

Class Mail to the above-listed parties.

Stefan M. Meisner (DC 467886)
McDERMOTT WILL & EMERY LLP
600 Thirteenth Street, NW
Washington, DC 20005
Tel: (202) 756-8000
Fax: (202) 756-8087

*Counsel for Mars, Incorporated, Mars North America, and Mars Snackfoods U.S. LLC*

# EXHIBIT A

LEXSEE 2005 U.S. APP. LEXIS 23899

**Michael J. Hinnant, Appellant v. Flonisha Merritt, Community Supervision Officer, et al., Appellees**

**No. 05-5141**

**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

*2005 U.S. App. LEXIS 23899*

**November 3, 2005, Filed**

**NOTICE:** [*1] RULES OF THE DISTRICT OF COLUMBIA CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Costs and fees proceeding at *Hinnant v. Merritt, 2005 U.S. App. LEXIS 23893 (D.C. Cir., Nov. 3, 2005)*
US Supreme Court certiorari denied by *Hinnant v. Merritt, 126 S. Ct. 1155, 163 L. Ed. 2d 1010, 2006 U.S. LEXIS 860 (U.S., Jan. 17, 2006)*

**PRIOR HISTORY:** 04cv01915.
*Hinnant v. Merrit, 2005 U.S. Dist. LEXIS 5147 (D.D.C., Mar. 24, 2005)*

**COUNSEL:** MICHAEL J. HINNANT, Plaintiff - Appellant, Pro se, Washington, DC.

For FLONISHA MERRITT, Community Supervision Officer, RONALD JACKSON, Supervising Community Officer, RENEE BARLEY, FOIA Officer, Court Service and Offender Supervision Agency for D.C., Defendants - Appellees: R. Craig Lawrence, Assistant U.S. Attorney, Michael Joseph Ryan, Assistant U.S. Attorney, Kenneth L. Wainstein, U.S. Attorney, Megan Lindholm Rose, U.S. Attorney's Office (USA), Washington, DC.

For OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA, GLADYS HERRING, For Mayor Anthony Williams, Defendants - Appellees: Mary Larkin Wilson, Assistant Attorney General, Edward Eugene Schwab, Deputy Attorney General, Robert James Spagnoletti, Attorney General, Office of Attorney General for the District of Columbia, Washington, DC.

**JUDGES:** BEFORE: Henderson, Randolph, and Brown, Circuit Judges.

**OPINION**

*ORDER*

Upon consideration of Michael J. Hinnant's Opposition to Magan Rose United States Attorney's [*2] Position, which is construed as a motion to strike, and the supplement thereto; and the motions for summary affirmance, the oppositions thereto, the reply, and the surreply, it is

**ORDERED** that the motion to strike be denied. It is

**FURTHER ORDERED** that the motions for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. *See Taxpayers Watchdog, Inc. v. Stanley, 260 U.S. App. D.C. 334, 819 F.2d 294, 297 (D.C. Cir. 1987)* (per curiam). On appeal, Hinnant argues that the district court erred in dismissing this suit because the defendants who removed this case from D.C. Superior Court filed their notice of removal before being served with process. Even assuming that this is correct, however, defendants were free to waive service of process. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999).* Hinnant also claims that the district court erred in failing to consider several motions that Hinnant filed -- specifically, a motion for default judgment, a motion to strike the defendants' notice re-serving their notice of removal, a motion for a writ of mandamus, a motion to remand to [*3] Superior Court, and a motion for summary judgment. The motion for default judgment was not well-taken because the only defendants who had been properly served had requested an extension for filing their answer. The summary judgment motion also was not well-taken; Hinnant relied on

allegedly inconsistent statements by counsel for three of the defendants, but counsel made only one of these statements and the record does not support Hinnant's claim that this statement was false. The remaining motions were all based on Hinnant's argument regarding the timing of removal. As discussed above, that argument lacks merit.

Pursuant to *D.C. Circuit Rule 36*, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See Fed. R. App. P. 41(b)*; *D.C. Cir. Rule 41*.

*Per Curiam*

# EXHIBIT B

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

FILED
CIVIL ACTIONS BRANCH
MAY 2 3 2008
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

|  |  |
|---|---|
| WENDY M. CRESSWELL, 1651 Fuller St. N.W. #2, Washington, 2009 | ) ) ) |
| Plaintiff | ) |
| v. | ) Civil Action No. _____ ) |
| THE HERSHEY COMPANY, 100 Crystal A Dr., Hershey, PA 17033; MARS, INCOPORATED, 6885 Elm St., McLean VA 22101; MARS NORTH AMERICA, 800 High Street, Hackettstown, New Jersey; MARS SNACKFOODS U.S. LLC, 800 High Street, Hackettstown, New Jersey 07840, NESTLÉ USA, INC., 800 North Brand Boulevard, Glendale, California 91203; CADBURY ADAMS USA LLC, 389 Interpace Parkway, Suite 1, Parsippany, New Jersey, 07054 | ) JURY TRIAL DEMANDED ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) ) |

Plaintiff, by and through her attorneys, based on their individual experiences, the investigation of counsel, and information and belief allege as follows:

## INTRODUCTION

1.     This action arises out of a conspiracy among the world's leading manufacturers of chocolate confectionary products to fix, raise, maintain or stabilize prices for those products in Canada and the United States beginning in 2002 and continuing until at least approximately 2008.  The participants in this conspiracy included, but are not limited to, The Hershey Company, Mars Incorporated, Mars North America, Mars Snackfoods US LLC, Nestle USA Inc. and Cadbury Adams USA LLC (collectively Defendants).  Through their anticompetitive and illegal conduct, Defendants have imposed significant illegal overcharges on individuals who


Case: 2008 CA 003939 B

purchased chocolate confectionary products in the District of Columbia during that period. This complaint is filed on behalf of all persons who purchased chocolate confectionary products in the District of Columbia that were manufactured or distributed by Defendants from 2002 to the present ("the Relevant Period"), excluding persons purchasing directly from the Defendants. Plaintiff seeks to recover on behalf of herself and all similarly situated persons all monies illegally obtained by Defendants and to enjoin future illegal conduct by Defendants.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to D.C. Code Ann. § 11-921.

3.      Personal jurisdiction is proper over Defendants because Defendants have sold, shipped and/or delivered substantial quantities of chocolate confectionary products in the District of Columbia, (b) had substantial contacts with the District of Columbia, including but not limited to agents in the District of Columbia, and (c) were engaged in an illegal scheme and price-fixing conspiracy that was directed at and had the intended effect of causing injury to persons residing in or doing business in the District of Columbia.

4.      Venue is proper because Plaintiff and class members purchased chocolate confectionary products in the District of Columbia and were injured in the District of Columbia. Venue is proper for the additional reasons that Defendants illegal conduct intentionally targeted the District of Columbia; Defendants have agents in the District of Columbia; and Plaintiff and class members seek redress under the laws of the District of Columbia.

## PARTIES
### Plaintiff

5.      Plaintiff Wendy Cresswell is a resident of the District of Columbia. Ms. Cresswell has lived in the District of Columbia for over four years and has been purchasing

Defendants' chocolate confectionary products throughout the period of her residence. Examples of chocolate confectionary products purchased by Ms. Cresswell include Hershey's Kisses, M&Ms, Cadbury Eggs, and Cadbury Fruit and Nut Bars.

### Defendants

6.     Defendant The Hershey Company is a Delaware corporation with its principal place of business at 100 Crystal A Drive, Hershey, Pennsylvania. Throughout the relevant period, The Hershey Company manufactured and sold chocolate confectionary products to purchasers in the United States, directly or through its predecessors, affiliates, subsidiaries or retailers. The Hershey Company chocolate confectionary products are marketed and sold throughout the District of Columbia under the Hershey's, Hershey's Kisses and Reese's brand names. Hershey also manufactures and distributes various other chocolate confectionery products, such as the 5th Avenue bar, the Krackel bar, Milk Duds, the Special Dark bar and the Harmony Bar. Certain products are manufactured and distributed in the United States in the District of Columbia under license from other chocolate manufacturer. For example, the Kit Kat bar is manufactured and distributed under license from Nestlé SA while the York Peppermint Patties, Peter Paul Mounds, Peter Paul Almond Joy, Cadbury and Caramello brands are manufactured and distributed under license from Cadbury Schweppes.

7.     Defendant Mars, Incorporated is a Delaware corporation with its principal place of business at 6885 Elm Street, McLean, Virginia. From its origins in candy and confectionery products, it has diversified to become a world leader in several other markets, including snack foods, pet care products, and drinks. Throughout the relevant period, Mars manufactured and sold chocolate confectionery products to purchasers in the United States, directly or through its predecessors, affiliates, subsidiaries or retailers.

8.     Defendant Mars North America is headquartered at 800 High Street, Hackettstown, New Jersey. It is the United States food, snack, and petcare operations of defendant Mars, Incorporated. Throughout the relevant period, Mars North America manufactured and sold chocolate confectionery products to purchasers in the United States, directly or through its predecessors, affiliates, subsidiaries or retailers.

9.     Defendant Mars Snackfood U.S. LLC is headquartered at 800 High Street, Hackettstown, New Jersey. It is a business unit of defendant Mars, Inc. and is responsible for the manufacture and sale of chocolate and non-chocolate confectionery products across various facilities located throughout the United States, directly or through its predecessors, affiliates, subsidiaries or retailers.

10.     Defendants Mars Canada, Mars, Incorporated, Mars North America, and Mars Snackfood U.S. collectively are referenced as "Mars" in the Complaint. Mars manufactures and distributes various chocolate confectionery products such as the 3 Musketeers, Mars, Snickers, Twix, Dove and Milky Way bars.

11.     Defendant Nestlé USA, Inc. ("Nestlé USA") is a Delaware corporation with its principal place of business at 800 North Brand Boulevard, Glendale, California. Nestlé USA is a wholly-owned subsidiary of the swiss chocolatier Nestlé S.A. Nestlé USA is grouped into various divisions, including chocolate and confectionery, coffee and beverages, food services, ice cream, nutrition, water, and pet care. Throughout the relevant period, Nestlé USA manufactured and sold chocolate confectionery products to purchasers in the District of Columbia, directly or through its predecessors, affiliates, subsidiaries or retailers.

12.     Defendant Cadbury Adams USA LLC ("Cadbury), which has its principal place of business at 389 Interpace Parkway, Suite 1, Parsippany, New Jersey, is the U.S. subsidiary of

Cadbury Schweppes PLC ("Cadbury Schweppes"). Cadbury Schweppes is an English company, whose, principal businesses are confectionery and non-alcoholic beverages. It has the largest share of the global confectionery market, with broad participation across all categories and by geography. Cadbury has confectionery operations in the U.S. and Canada. Throughout the relevant period, Cadbury manufactured and sold chocolate confectionery products to purchasers in the District of Columbia, directly or through its predecessors, affiliates, subsidiaries, licensees or retailers.

13.    Various other persons, firms and corporations, not named as Defendants herein, have participated as co-conspirators with Defendants and have performed acts and made statements in furtherance of the conspiracy. The unnamed co-conspirators include but are not limited to Nestlé S.A. and Cadbury Schweppes PLC. Each defendant acted as the agent or joint venturer of or for other defendants with respect to the acts, violations and common course of conduct alleged by Plaintiff.

## CLASS ACTION ALLEGATIONS

14.    Plaintiff brings this action as a class action individually and on behalf of all others similarly situated as members of a proposed class pursuant to Rules 23(b)(3) and 23-I of the Superior Court Rules of Civil Procedure. The proposed class which Plaintiff seeks to represent is defined as follows:

> All persons who purchased Defendants' chocolate confectionary products in the District of Columbia from 2002 to the present, excluding persons purchasing directly from the Defendants. Excluded from the class are Defendants, their employees, co-conspirators, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies.

15.    The Class is so numerous that joinder of all members is impractical. The precise number of class members is unknown but is believed to easily exceed 10,000. A more accurate

estimate of the class size can be obtained from Defendants' files and sales records. Class

members can be notified of the pendancy of this action by publication in newspapers, by mailed

notice, and by other means.

16.    Common questions of law and fact exist as to all members of the class. These

questions predominate over questions affecting only individual class members. These common

legal and factual questions include, but are not limited to:

(a)    Whether Defendants conspired for the purpose of and with the effect of raising, fixing or stabilizing the price of chocolate confectionary products purchased by class members;

(b)    Whether Defendants undertook actions to conceal their wrongful conduct;

(c)    The length and scope of any illegal conspiracy;

(d)    The amount of damages owing to the class;

(e)    Whether punitive damages are appropriate and if so, the amount;

(f)    The nature of appropriate injunctive relief to deter future wrongful conduct.

17.    Named Plaintiff's claims are typical of the claims of the members of the class

they seek to represent. Plaintiff and the class members all purchased Defendants' chocolate

confectionary products in the District of Columbia.

18.    Plaintiff is an adequate representative of the class because (a) her interests do not

conflict with the interests of the class members she seeks to represent; (b) Plaintiff has retained

counsel who are competent and experienced in complex class action and unfair trade practices

litigation; (b) Plaintiff intends to prosecute this action vigorously. The interests of the members

of the class will be fairly and adequately protected by Plaintiff and her counsel. The interests of

Plaintiff is coincident with, and not antagonist to, those of the class members.

19.    The class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and of class members. Judicial management of this litigation is essential because of the severe economic consequences of the Defendants past and future unlawful activities. Technical issues will arise that will be too complex to be effectively litigated and decided in individual cases. This class action is the only method by which all of the class members' common claims can economically and expeditiously be adjudicated in one proceeding and thereby preclude the possibility of multiple trials and inconsistent judgments in the District of Columbia.

## THE CHOCOLATE CONFECTIONARY PRODUCT MARKET

20.    Chocolate comprises a number of raw and processed foods that are produced from the seed of the tropical cacao tree. The seeds of the cacao tree have an intense bitter taste, and must be fermented to develop their flavor. After being roasted and ground, the resulting products are known as cocoa or chocolate. Chocolate is any product made primarily of cocoa solids and cocoa fat. The different flavors of chocolate can be obtained by varying the time and temperature when roasting the beans, by adjusting the relative quantities of the cocoa solids and cocoa fat, and by adding non-chocolate ingredients.

21.    The term "chocolate confectionary products", as used in this Complaint, refers to chocolate bars, boxed chocolates, and seasonal novelty chocolates.

22.    Chocolate bars are divided into block and countline segments. The block segment is comprised of molded blocks of chocolate that can be prepared as is or with additional ingredients, and are traditionally sold in standard weight and sizes. Products in this segment include Hershey's Chocolate Bar and Cadbury's Dairy Milk bar. The countline segment consists

of chocolate-covered products sold by count rather than weight. Examples of products in this segment include Mars' Snickers bar and M&M's and Nestlé's Kit Kat bar.

23.    Boxed chocolates are assorted chocolates sold together in a box or similar container, and are mainly sold as gifts. Examples of products in this segment include Cadbury's Milk Tray and Hershey's Pot of Gold.

24.    Seasonal novelty chocolates are chocolates that tend to be sold near, and marketed for, particular holidays, such as Christmas, Easter, Valentine's Day, and Halloween.The Chocolate Confectionery Product Market

25.    Chocolate confectionary products constitute a distinct product market recognized by Defendants, the trade associations that serve the confectionery industry and other bodies that have examined the industry. According to statistics reported by the United States Department of Agriculture, wholesale sales of chocolate candy in the U.S. total approximately $10.2 billion, while retail sales totaled $15.6 billion. A June 2007 report from Matrade New York reported that U.S. chocolate candy sales in 2006 totaled approximately 56% of all candy sales.

26.    Important characteristics of the chocolate confectionary products market facilitate anticompetitive collusion among the Defendants.

27.    Chocolate confectionary products are undifferentiated commodity products. Thus, any Defendant can and does produce and sell, for example, a certain type of chocolate candy bar, seasonal novelty chocolate, or boxed chocolate that is fungible with a chocolate candy bar, seasonal novelty chocolate, or boxed chocolate offered by another Defendant, respectively.

28.    The market for chocolate confectionery products is highly concentrated. Defendants The Hershey Company, Mars, Incorporated, and Nestlé USA collectively possess

approximately 80% of the U.S. chocolate confectionery products market, with The Hershey Company possessing about 45%, Mars, Incorporated about 27%, and Nestlé about 9%.

29.    In addition, there are high barriers to entry to the chocolate confectionery products market in the form of technical know-how, advertising, and access to distribution channels. The manufacture of confectionery products is highly technical, requiring considerable understanding of food technology, including hardware (processing machinery and computers), software and formulation technology. Technical know-how is required to integrate these elements in an effective production system that is efficient and results in a high-quality, innovative product. Moreover, there is significant spending on advertising. In addition, access to supply channels is critical to gain a foothold, as wholesale distributors, chain grocery stores, mass merchandisers, chain drug stores, vending companies, wholesale clubs, convenience stores, dollar stores, concessionaires, and department stores form the most significant distribution channel for confectionery sales. Because of their high collective market share globally as well as in the U.S. and Canada, Defendants collectively are able to exercise market power in each of these markets, including the ability to raise prices and erect barriers to entry.

30.    Pricing for chocolate confectionery products in the U.S. during the relevant period was characterized by industry-wide price increases. Moreover, during the relevant period, price increases in the same or similar amounts for chocolate confectionery products were announced by multiple Defendants and/or became effective at or near the same time.

31.    The U.S. is the leading exporter of chocolate confectionery products to Canada as well as the leading importer of chocolate confectionery products from Canada. A 2004 United States Department of Agriculture report noted that in 2003, 46% of U.S. confectionery exports were to Canada. A 2005 United States Department of Agriculture report noted that "the United

States supplied 45% of Canadian chocolate candy imports by value." The 2007 Matrade New York report cited above indicated that in 2004-06, Canada was the largest exporter of chocolate food products to the U.S., with annual total customs values ranging from $690 to $705 million.

33. The Canadian and U.S. operations of the Defendants are tightly interwoven. Thus, for example, sales of Hershey's chocolate confectionery products in the U.S. and Canada are overseen by its North American Commercial Group. Likewise, Cadbury's confectionery sales in the U.S. and Canada are overseen by its Americas Confectionery operating unit. Nestlé has its own Chocolate, Confectionery & Biscuits Strategic Business Unit.

## DEFENDANTS UNLAWFUL PRICEFIXING CONSPIRACY

33. Because of the above characteristics, the chocolate confectionery product market was ripe for collusion. In addition to the collective market power exercised by the Defendants, as detailed above, Defendants' profits from these products have suffered in recent years because of increasing health concerns, and changing consumer preferences, with respect to chocolate consumption.

34. In the face of these negative market trends, Defendants, as the dominant players in the United States chocolate confectionary product market, responded, in part, by instituting uniform price increases.

35. In mid-December of 2003, Nestle announced a chocolate confectionary product price increase, claiming that it was its first in seven years. Soon thereafter, Masterfoods announced a 10 percent price increase, also claiming the increase as its first in seven years. At the same time, Hershey implemented a 10.8 percent price increase for its chocolate confectionary products. These United States price increases went into effect at the same time that concerted pricing communications and other anticompetitive conduct took place in Canada.

36.    Also, in late March of 2007, Masterfoods increased wholesale prices of well known chocolate bars, such as Snickers, by approximately five percent. The company cited rising costs as the basis for the price increase. Shortly thereafter, Hershey's increased its prices by the same amount, also citing the need to help offset costs.

37.    Contrary to the expected decline that would normally follow a price increase under competitive conditions, Hershey's announced that it expected the price increase to have "minimal financial impact." Prudential analyst John M. McMillin agreed with that forecast, explaining that Cadbury and Masterfoods also increased prices, "so Hershey is not out there alone, we think, in this chocolate [price increase]."

38.    This and other price increases by Defendants during the Class Period were made pursuant to the unlawful price fixing conspiracy alleged herein.

39.    Aside from the unlawful conspiratorial meetings hereinafter specifically alleged, Defendants also had additional opportunities to conspire. Defendants are members of a number of trade associations, including the Chocolate Manufacturers Association ("CMA"), the National Confectioners Association ("NCA"), the Confectionery Manufacturers Association of Canada ("CMAC"), and the Food and Consumer Products of Canada ("FCPC"), which sponsored meetings that Defendants attended during the Class Period.

40.    The CMA, headquartered in Vienna, Virginia, has served as the premier trade group for manufacturers and distributors of cocoa and chocolate confectionary products in the United States. CMA members produce over 90% of the chocolate processed in the United States. The NCA is a trade association that represents the entire confection industry. It is one of the oldest trade associations in the world.

41.    The CMAC, located in Don Mills, Ontario, is the national trade association of Canada, representing chocolate, candy, and chewing gum manufacturers and their suppliers. The FCPC, located in Toronto, Ontario, is the largest industry association in Canada representing the food and consumer products industry.

42.    In July 2007, Canada's Competition Bureau ("the Bureau") initiated an investigation into the chocolate confectionary product market based on information provided by a "Cooperating Company" involved in the conspiracy. According to news reports, Defendant Cadbury is likely the Cooperating Company that turned evidence over to the Bureau and is cooperating with cartel investigators, as Cadbury is not named as one of the companies under investigation.

43.    Canada is one of the few countries with a "leniency program," where the first member of a cartel to blow the whistle gets lighter treatment. The United States Department of Justice's Antitrust Division ("DOJ") also has a leniency program.

44.    On November 21, 2007 Ontario's Superior Court issued search warrants to the Bureau to investigate a scheme to fix the prices of chocolate confectionary products among Hershey's, Mars, Nestle, and Cadbury. The Court stated that it was granting the search warrants "based on evidence that there are reasonable grounds to believe that a number of suppliers in the chocolate confectionery industry have engaged in activities contrary to the conspiracy provisions of the Competition Act." It is reported that the Bureau investigation includes over 30 investigators.

45.    The search warrants require Defendants to surrender thousands of corporate documents, emails, correspondence, and computer files from Hershey's, Mars, and Nestle, that pertain to their chocolate confectionary product pricing arrangements. Nestle, Cadbury, and

Hershey's have each publicly admitted that the Bureau has contacted them in connection with an investigation of unlawful conduct.

46.    According to John Pecman, the Bureau's assistant deputy commissioner in the criminal division, the Bureau "can confirm that [it is] investigating alleged anticompetitive practices in the chocolate confectionery industry," and that "the volume of commerce affected [] is definitely potentially in the billions of dollars per year."

47.    According to affidavits submitted to obtain search warrants in Canada ("the Affidavits"), senior executives at Hershey's, Mars, Nestle, and other companies met secretly in coffee shops, restaurants and at industry conventions to set prices paid for chocolate confectionary products since at least February 2002.

48.    According to the Affidavits, the conspiracy involved the highest ranking executives within each Defendant company. Robert Leonidas, President and Chief Executive Officer of Nestle Canada Inc., who was until March 2006 President of Nestle Canada's confectionery business, is alleged to have told a competitor in June 2005, during CMAC's annual meeting, "I want you to hear it from the top- I take my pricing very seriously."

49.    According to the Affidavits, one unidentified witness participated in a breakfast meeting with Bob Leonidas on February 23, 2004, where the topic of trade spend was discussed. According to the witness, it was known in the industry that he disagreed with the industry's prevailing approach to trade spend and that the witness's company was going to reduce trade spend on chocolate confectionary products.

50.    The same unidentified witness also participated at a 7:30 a.m. breakfast meeting with Bob Leonidas on February 15, 2006, at the Second Cup coffee shop in Toronto, where the price of seasonal chocolate confectionary products was discussed.

51.     A lunch meeting took place at the Auberge de Pommier restaurant on July 4, 2007, where price increases were discussed and coordinated. During the meeting, the President of Nestle Canada's confectionery business, Sandra Martinez de Arevalo, suggested that the Cooperating Company lead a price increase in 2007, and that Nestle would take the price increase in the third quarter. The Cooperating Company's unidentified witness said that s/he responded that they may not be prepared to take a price increase in 2007, but might be prepared to take one in 2008, and further said that they would follow on chocolate confectionary products but would not lead the price increase.

52.     Additionally, meetings took place at food conventions in Vancouver and Niagraon-the-Lake, Ontario in 2007.  According to the Affidavits, at a September 27, 2007 FCPC meeting, when one participant balked at price discussions, Eric Lent, General Manager of Hershey Canada Inc. allegedly replied, "Don't worry, we can talk about it. Bob [Leonidas] and I talk all the time."

53.     According to the Affidavits, one unidentified witness from the Cooperating Company sent an email with the subject heading "Chocolate pricing" to other unidentified witnesses from the Cooperating Company, stating:

> "At ITWAL I was informed by a reliable source that both Nestle and Effem have been to customers hinting at 2005 price increases. No details or confirmation. I suggested that we would seriously consider appropriate actions once firm details known, and that I would be concerned about the other leading player not following Which [sic] my contact said they would inquire about. This is similar to info we had picked up a couple of months ago. Martin1 I [sic] would send out a note to ADM's to start digging.

54.     According to the affidavits, "Martin" likely refers to Martin Lebel, an employee of Mars Canada Inc.

55.     At one point during the conspiracy, a chief executive of Nestle is alleged to have handed envelopes stuffed with pricing information to a competitor with an instruction that the

competitor avoid being seen picking up the information at Nestle's offices, and that it was better

not to be seen at Nestle's office at all. The envelope contained a document with information

about Nestle's planned price increase on chocolate confectionary in 2005.

56.    According to the Affidavits, the unidentified witness who received that letter said

it is likely he put the letter in his outbox with a slash through it, indicating it was to be shredded.

57.    According to the Affidavits, the Cooperating Company received an email with

Nestle's price increase information, including that Nestle was increasing the price of its

confectionery portfolio by approximately five to seven percent, effective October 31, 2005 for

base confectionery and April 18, 2006 for seasonal confectionery. This pricing information was

discussed among the Cooperating Company's leadership team and prompted them to consider

and announce a price increase on chocolate confectionary products.

58.    In late 2005, Nestle in fact increased its prices by five to eight percent, Mars

increased its prices by six percent, the Cooperating Company increased its prices by 5.2 percent,

and Hershey increased its prices as well.

59.    Nestle proposed a price increase for chocolate confectionary products

confectionery of between four and six percent in early 2008.

60.    The means used to enhance these prices was by way of a deliberate, secretive, and

high level price fixing agreement, with the highest levels of the companies involved.

61.    On October 19, 2007 an unidentified witness employed by the Cooperating

Company sent an email to her assistant and to the company's general counsel which included the

statement, "our friend at Hershey seems to need a reminder re: Competition Act."

62.    The Affidavits also indicate that ITWAL worked with the chocolate companies to

force retailers to stop cutting prices for chocolate bars. Defendants threatened to cut off the

supply of chocolate bars to retailers that did not comply with its established pricing

requirements. ITWAL's president also allegedly sent regular updates to participants of the

conspiracy.

63.    The filing cabinet of Ms. Elizabeth Cloran, assistant to the Vice President and

General Manager, as well as the President and CEO of ITWAL, contained letters dated February

21, 2002 from Mr. D. Glenn Stevens, President and CEO of ITWAL, addressed to Bob Leonidas

of Nestle, Rick Meyers of Hershey, Don Robinson of Mars, and Arthur Soler of Cadbury. Each

letter, substantively the same, included:

> At the 'end of the day,' it is only the suppliers' control and discipline of the [discounting] that can restore the functionality of the marketplace. The problem is very serious and completely out of control on the part of the suppliers. I am being forced to reexamine how we operate in the market and I am not sure it would be in the best interests of [individual chocolate manufacturer to which letter was addressed]. I urge you to meet and take action before this chocolate bar "bubble bursts."

64.    Also in Ms. Cloran's filing cabinet was a notice labeled "TAN [Take Action

Now] Information Bulletin" dated March 7, 2002, faxed to the same employees of Nestle,

Hershey, Mars, and Cadbury, included the following statement:

> Further to my letter of February 21, 2002, please find attached information forwarded to Members on product and pricing available from diverters. In view of the seriousness of the problem, I will forward information as reviewed under the acronym, T.A.N., which stands for "TAKE ACTION NOW!"

65.    Ms. Cloran's filing cabinet additionally included a document entitled

"Bulletin#15," dated December 12, 2002, and faxed to Don Robinson of Mars, Roy Benin of

Mars, David Jones of Mars, Kurt Hatherly of Mars, Rick Meyers of Hershey, Ross Robertson2

of Hershey, Marc Morneau of Hershey, Bob Leonidas of Nestle, Matt Hall of Nestle, Todd

Hoffman of Nestle, Al Kehoe of Nestle, Tim Mason of Cadbury, Peter Allen of Cadbury, and

Doug Tyler of Cadbury, which contained the following statement:

First of all, I would like to extend congratulations to you all as we wind up the year with respect to your concerted and committed efforts to clean up the dysfunctional retail trade spending. Your efforts can clearly be seen in the following areas…reduced unreasonably low retail prices, i.e., 2/99c or 3/99c (Although I ask you to remain vigilant – see attached 2/99c on Kit Kat and Caramilk at Maxi recently). (emphasis added).

66.     Neither Defendant's illegal activities nor the effects of these activities were restricted to Canada. Rather, it is clear that Defendants intentionally targeted the United States market and took steps in furtherance of their conspiracy in the United States commencing as early as 2002. Specifically, the collusive activity in Canada was carried out with the knowledge and active participation of U.S. executives of Hershey and Mars. As a result, United States price increases were timed consistently with collusive activity in Canada. These price increases represented a departure from past pricing practices.

67.     Confirming the extensive activity in the United States and activity targeting the United States market, on December 20, 2007, Mars's spokeswoman, Alice Nathanson, reported that it was contacted by the DOJ about the company's alleged anticompetitive pricing practices in the United States chocolate confectionery industry. That same day, a Nestle spokeswoman, Laurie MacDonald, also acknowledged the DOJ's antitrust investigation of Nestle's pricing practices.

## ALLEGATIONS OF ANTITRUST INJURY

68.     The combination and conspiracy alleged herein had and is having the following effects, among others:

(a) prices charged to Plaintiff and the Class for chocolate confectionary products have been fixed or stabilized at higher, artificially derived, non-competitive levels;

(b) Plaintiff and the Class have been deprived of the benefits of free, open and unrestricted competition in the market for chocolate confectionary products; and

(c) competition in establishing the prices paid in the United States and worldwide for Chocolate has been unlawfully restrained, suppressed and eliminated.

69.    Plaintiff and the Class have paid supracompetitive prices for chocolate confectionary products as a result of Defendants' illegal contract, combination, and conspiracy to restrain trade as alleged. This is an antitrust injury of the type that the antitrust laws were meant to punish and prevent.

### FRAUDULENT CONCEALMENT

70.    Defendants fraudulently concealed their participation in the conspiracy alleged herein by, inter alia, engaging in secret meetings and communications in furtherance of the conspiracy, and by holding themselves out as competitors to the public, to Plaintiff, and to the Class. Because of such fraudulent concealment, Plaintiff and the Class could not have discovered the existence of this conspiracy any earlier than its public disclosure.

### FIRST CAUSE OF ACTION

#### Violation of D.C. Code § 28-4508

71.    Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

72.    Defendants and co-conspirators entered into and engaged in a contract, combination or conspiracy in restraint of trade in violation of D.C. Code § 28-4508. Pursuant to this unlawful agreement, Defendants fixed, maintained and stabilized prices for chocolate confectionary productions in the United States including the District of Columbia. Defendants actions constitute a per se violation of the District of Columbia Antitrust Act.

73.    As a result of Defendants unlawful conduct, plaintiff and class members have suffered injury.

## SECOND CAUSE OF ACTION

### Unjust Enrichment

74.     Plaintiff incorporates by reference the allegations in the above paragraphs as if fully set forth herein.

75.     To the detriment of Plaintiff and members of the Class, Defendants have been and continue to be unjustly enriched as a result of the unlawful and/or wrongful conduct. Defendants have unjustly benefited through the sale of chocolate confectionary products at an inflated, supracompetitive prices to consumers. Between the parties, it would be unjust for Defendanst to retain the benefits attained by their actions. Accordingly, Plaintiff and members of the class seek full restitution of Defendants' enrichment, benefits, and ill gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

### JURY DEMAND

76.     Plaintiff demands a trial by jury, pursuant to Rule 38 of the Superior Court Rules of Civil Procedure, of all issues triable of right by jury.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff demands:

(1)     That this case be certified as a class action pursuant to Rule 23 of the Superior Court Rules of Civil Procedure;

(2)     That Plaintiff and class members recover actual damages incurred as a result of the Defendants illegal conduct, as provided by law, in an amount to be determined at trial;

(3)     That Plaintiff and class members recover punitive damages, as provided by law, in an amount to be determined at trial;

(4)     That Defendants be required to disgorge all any monies received as a result of their unlawful conduct including all premiums and profits;

(5)     That the Court award Plaintiff and the class members threefold the damages sustained by Plaintiff and the class members;

(5)    That the Court grant Plaintiff injunctive relief against threatened continued unlawful conduct, as described herein.

(6)    That the Plaintiff recover the costs of this suit, including reasonable attorneys' fees as provided by law; and

(7)    That Plaintiff and class members be granted such other, further, and different legal or equitable relief as the nature of the case may require or as may be deemed just and appropriate by this Court.


Dated: May 22, 2008

Respectfully submitted,

THE PAYNTER LAW FIRM PLLC


Stuart M. Paynter (Bar No 486616)
1200 G Street N.W.
Suite 800
Washington, D.C. 20005
Tel.: (202) 626-4486
Fax: (866) 734-0622
Email: stuart@smplegal.com


Michael Weitzner (Bar No. 472505)
LAW OFFICE OF MICHAEL WEITZNER
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036
Tel.: (202) 265-4900
Fax: (202) 220-9601
Email: mweitzner@weitznerlaw.com

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001   Telephone:  879-1133

| | |
|---|---|
| Wendy Cresswell | |
| *Plaintiff* | 0002050-08 |
| **VS.** | Civil Action No. |
| Nestle USA, Inc. | |
| *Defendant* | |

**SUMMONS**

To  the  above  named  Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays.  You may file the original Answer  with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment  by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Stuart Paynter | |
| Name of Plaintiff's Attorney | By *Adrienne J. marsh* |
| 1200 G Street N.W. | Deputy Clerk |
| Address | |
| Washington, DC 20005 | |
| (202) 626-4486 | Date  5/23/2008 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS  FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-454/Mar. 91        **NOTE:**  SEE  IMPORTANT  INFORMATION  ON  BACK  OF  THIS  FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM170
### Washington, D.C. 20001 Telephone: 879-1133

Wendy Cresswell

*Plaintiff*

VS.

Cadbury Adams USA LLC

*Defendant*

Civil Action No. [                    ]

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Stuart Paynter

Name of Plaintiff's Attorney

1200 G Street N.W.

Address

Washington, DC 20005

(202) 626-4486

Telephone

By *Adrienne J. Marsh*

Deputy Clerk

Date [ 5/23/2008 ]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| Wendy Cresswell |
| --- |

*Plaintiff*

VS.

| Mars Snackfoods U.S. LLC |
| --- |

*Defendant*

Civil Action No. [                    ]

000330-08

**SUMMONS**

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Stuart Paynter |
| --- |
Name of Plaintiff's Attorney

| 1200 G Street N.W. |
| --- |
Address

| Washington, DC 20005 |
| --- |

| (202) 626-4486 |
| --- |
Telephone

By _Adrienne J. Marsh_
          *Deputy Clerk*

Date | 5/23/2008 |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| Wendy Cresswell | |
|---|---|
| *Plaintiff* | |

VS.

| Mars North America | |
|---|---|
| *Defendant* | |

Civil Action No. [                    ]

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Stuart Paynter | |
|---|---|
| Name of Plaintiff's Attorney | |

| 1200 G Street N.W. | |
|---|---|
| Address | |

| Washington, DC 20005 | |

| (202) 626-4486 | |
|---|---|
| Telephone | |

By _Adrienne J. Marsh_
Deputy Clerk

Date [ 5/23/2008 ]

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-464/Mar. 96    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| Wendy Cresswell | |
| *Plaintiff* | 000005J-08 |
| **VS.** | Civil Action No. |
| Mars Incorporated | |
| *Defendant* | |

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Stuart Paynter | |
| Name of Plaintiff's Attorney | By _Adrienne J. Marsh_ |
| | Deputy Clerk |
| 1200 G Street N.W. | |
| Address | |
| Washington, DC 20005 | |
| (202) 626-4486 | Date 5/23/2008 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| Wendy Cresswell | |
| *Plaintiff* | |

vs.

| | |
|---|---|
| The Hershey Company | |
| *Defendant* | |

Civil Action No. _____

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Stuart Paynter | |
| Name of Plaintiff's Attorney | |

| | |
|---|---|
| 1200 G Street N.W. | |
| Address | |
| Washington, DC 20005 | |

| | |
|---|---|
| (202) 626-4486 | |
| Telephone | |

By _Adrienne J. Marsh_
*Deputy Clerk*

Date | 5/23/2008 |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

Wendy M. Cresswell

Case Number: 000?????-??

vs

Date: _____

The Hershey Company, et al.

| | |
|---|---|
| Name: *(please print)*  Stuart Paynter | Relationship to Lawsuit<br>☑ Attorney for Plaintiff |
| Firm Name:  **The Paynter Law Firm PLLC** | ☐ Self (Pro Se) |
| Telephone No.:  (202) 626-4486  Six digit Unified Bar No.:  486616 | Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☐ 6 Person Jury    ☒ 12 Person Jury
Demand:$ Unknown _____    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

NATURE OF SUIT:    *(Check One Box Only)*

**A. CONTRACTS**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 15 _____

☐ 07 Personal Property
☐ 09 Real Property-Real Estate
☐ 12 Specific Performance

COLLECTION CASES
☐ 14 Under $25,000 Pltf. Grants Consent
☐ 16 Under $25,000 Consent Denied
☐ 17 OVER $25,000

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102(a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass
☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile-Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 09 Harassment
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (including wrongful death)
☐ 16 Negligence-(Not Automobile, Not Malpractice)

☐ 17 Personal Injury – (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☒ 22 Toxic/Mass Torts
☐ 23 Tobacco

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/July. 07

# INFORMATION SHEET,    Continued

| D. OTHERS | | |
|---|---|---|
| I. | | |
| ☐ 01 Accounting | ☐ 10 T.R.O./Injunction | ☐ 25 Liens: Tax/Water Consent Granted |
| ☐ 02 Att. Before Judgment | ☐ 11 Writ of Replevin | ☐ 26 Insurance/Subrogation |
| ☐ 04 Condemnation (Emin. Domain) | ☐ 12 Enforce Mechanics Lien | Under $25,000 Consent Denied |
| ☐ 05 Ejectment | ☐ 16 Declaratory Judgment | ☐ 27 Insurance/Subrogation |
| ☐ 07 Insurance/Subrogation | ☐ 17 Merit Personnel Act  (OEA) | Over $25,000 |
| Under $25,000 Pltf. | (D.C. Code Title 1, Chapter 6) | ☐ 28 Motion to Confirm Arbitration |
| Grants Consent | ☐ 18 Product Liability | Award (Collection Cases Only) |
| ☐ 08 Quite Title | ☐ 24 Application to Confirm, Modify, | ☐ 29 Merit Personnel Act (OHR) |
| ☐ 09 Special Writ/Warrants | Vacate Arbitration Award | ☐ 30 Liens: Tax/Water Consent Denied |
| DC Code § 11   -941 | (D.C. Co   de § 16-4315) | |
| II. | | |
| ☐ 03 Change of Name | ☐ 15 Libel of Information | ☐ 21 Petition for Subpoena |
| ☐ 06 Foreign Judgment | ☐ 19 Enter Administrative Order as | [Rule 28  -I (b)] |
| ☐ 13 Correction of Birth Certificate | Judgment [D.C. Code § | ☐ 22 Release Mechanics Lien |
| ☐ 14 Correction of Marriage | 2 -1802.03(h) or 32-1519(a)] | ☐ 23 Rule 27 (a)(1) |
| Certificate | ☐ 20 Master Meter (D.C. Code § | (Perpetuate Testimony) |
| | 42 -3301, et seq.) | |

_____
Attorney's Signature

_5/21/0[?]_____
Date

CV -496/July. 07

**EXHIBIT C**

# District Of Columbia Superior Courts

## DC Superior - Washington

## 2008 CA 003939 A

## CRESSWELL, WENDY M Vs. THE HERSHEY COMPANY, et al.

### This case was retrieved from the court on Monday, June 23, 2008

## Header

| | |
|---:|:---|
| **Case Number:** | 2008 CA 003939 A |
| **Date Filed:** | 05/23/2008 |
| **Date Full Case Retrieved:** | 06/23/2008 |
| **Status:** | Open 05/23/2008 |
| **Misc:** | (0) Unknown; Civil |

## Summary

**Disposition:** Undisposed

## Participants

| Litigants | Attorneys |
|:---|:---|
| Cresswell, Wendy M<br>Plaintiff | Paynter, Stuart M<br>(301)704-8695 |
| The Hershey Company<br>Defendant | |
| Mars, Incorporated<br>Defendant | |
| Mars North America<br>Defendant | |
| Mars Snackfoods U.S. Llc<br>Defendant | |

Copyright © 2008 LexisNexis CourtLink, Inc.  All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

Nestle USA, Inc.

Defendant


Cadbury Adams USA Llc

Defendant


| Proceedings | |
| --- | --- |
| **Date** | **Details** |
| 05/23/2008 | Toxic Mass Torts Complaint Filed Attorney: PAYNTER, STUART M (486616) WENDY M CRESSWELL (PLAINTIFF); Receipt: 104993 Date: 05/23/2008 |


**Calendar**

**No Information is Available for this case**


| Financial Information | | | | |
| --- | --- | --- | --- | --- |
| **Date** | **Receipt #** | **Received From** | **Amount Paid** | **Details** |
| 05/23/2008 | 104993 | Paynter, Stuart M | 120.00 | Payment: 120.00 |
| | | | | Fee: 120.00 |


Copyright © 2008 LexisNexis CourtLink, Inc.  All Rights Reserved.
***THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY***

A 08-1079
RMC

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| **I (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Wendy M. Cresswell | The Hershey Company, Mars, Incorporated, Mars North America, Mars Snackfoods U.S. LLC, Nestle USA, Inc., Cadbury Adams USA LLC |

11001

11001

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)    88888
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Stuart M. Paynter
The Paynter Law Firm
1200 G Street, N.W.
Suite 800
Washington, DC 20005
Tel: (202) 626-4486

Michael Weitzner
Law Office of Michael Weitzner
1523 New Hampshire, Ave, NW
Washington, DC 20036
Tel: (202) 265-4900

Case: 1:08-cv-01079
Assigned To : Collyer, Rosemary M.
Assign. Date : 6/23/2008
Description: Antitrust

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ◉ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE an x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ◉ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**◉ A. Antitrust**

- ☒ 410 Antitrust

**○ B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)**        OR        **○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ◉ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1332- Removal of antitrust action from District of Columbia Superior Court

**VII. REQUESTED IN COMPLAINT**  ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY** N.A.  (See instruction)  YES ☒  NO ☐  If yes, please complete related case form.

DATE  June 23, 2008  SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_Wendy M. Cresswell_
Plaintiff

v.

Civil Action No. 08 1079

JUN 2 3 2008

_The Hershey Company, et al_
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **COLLYER, J. RMC**. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
Deputy Clerk

929A
Rev. 7/02

cc: _Stuart M. Paynter_
_Nestle USA, Inc._